Timmonds v. Kennish.

----

HENRY C. TIMMONDS, Contestant, v. JOHN KENNISH

**In Banc, June 26, 1912.**

1. **ELECTION LAWS: Special and General.** It is the duty of the court, in an election contest, to dovetail and reconcile all election laws, so far as possible, and to give effect to all of them applicable to general elections; but if any inconsistency appears between the general law and the special law at any one point, the special law prevails.

2. **ELECTION CONTEST: Registration Number on the Ballots.** The provisions of the general law (Sec. 5905, R. S. 1909) requiring the number found in the registration book opposite the name of the person voting to be placed on the ballot, do not apply to St. Louis; but what is required to go on the ballots in that city is determined by Secs. 5899 and 6220, R. S. 1909, which together declare that no other writing shall appear on the back of the ballot except the initials of the judges and the voting number. Section 6220, applicable only to St. Louis, is a special law, and is an exception to section 5905, and governs elections in that city so far as it goes, and it does not require the registration number to go on the ballots, neither does the law applicable to that city require or contemplate a registration number.

3. ——— ———: **Impossible Requirement.** The law does not require an impossible thing to be done. It is impossible to

indorse on a ballot a registration number that does not exist. Where all the names beginning with a certain letter of the alphabet are assembled on one and succeeding pages of the registration book, and each name on that page was given a number from the first name downward, the same method and numbers being thereby repeated in the book twenty-six times, there was in fact no registration number, but such numbers were simply made for the accommodation of the clerks.

4. ———: ———: **Long Acquiescence of Public.** The fact that since the enactment of the Act of 1895 the election officials of the city of St. Louis have construed the law to require no number in the registration book and consequently no registration number on the ballot, and that after eight years of such construction the Legislature in 1903 substantially re-enacted that statute without providing for such registration number, and that this construction has been acquiesced in by the entire community, including candidates defeated for office, since 1895, is of great persuasive force against a judgment that would hold invalid every ballot cast in the city at one general election because of the absence from each ballot of a registration number.

## Election Contest.

Judgment for Contestee.

*W. C. Marshall* and *W. M. Williams* for contestant.

*Spencer & Donnell* and *Lon O. Hocker* for contestee.

For briefs, see under Gantt v. Brown, *ante,* p. 271.

FERRISS, J.—On the returns from the general election held in November, 1910, defendant was declared elected over plaintiff to the office of Judge of the State Supreme Court by a majority of 5357 votes, and thereafter duly qualified and entered upon the performance of the duties of the office.

This proceeding was instituted by plaintiff to contest the right of defendant to said office. Evidence has been taken at length by a commissioner appointed

by this court, and the case is submitted upon his report, exceptions thereto, and arguments of counsel. As finally submitted, the case on the merits presents a single proposition, which is stated as follows in plaintiff's brief:

"As to the case of Timmonds v. Kennish, we contend that the judgment must be in favor of Judge Timmonds and against Judge Kennish for the first reason above stated, that is, that none of the ballots cast in the city of St. Louis in 1910 had indorsed on them the registration numbers as required by section 5905, and consequently none of the votes in St. Louis can be counted for either party, and that without the vote in St. Louis Judge Timmonds was elected."

It is also contended by defendant that this court has no jurisdiction of the case.

It is conceded by defendant that none of the votes cast in the city of St. Louis in the election of 1910 had the registration number of the voter indorsed thereon. It is further conceded that without the vote of St. Louis plaintiff would have been elected, as he had a majority of the vote cast in the State outside said city. The case, then, depends upon whether the absence of the registration number of the voter in the city of St. Louis on his ballot invalidated his vote. If it does, then the entire vote in St. Louis must be thrown out, and the office given to plaintiff.

Registration and elections in the city of St. Louis are governed by a special law applicable to cities of 300,000 inhabitants and over. [Sec 6189, et seq., R. S. 1909] Section 6189 reads as follows:

"In all cities of this State now having or which hereafter may have three hundred thousand inhabitants or more, there shall be a registration of all the qualified voters, and said registration and the mode of conducting the elections held in such cities shall be governed and controlled as provided herein, and be subject to all the provisions of the other election laws

of this State, so far as the same are not inconsistent or in conflict herewith.''

There is also this section in the general law: ''Sec. 5810. All elections in the city of St. Louis shall be conducted in all respects as provided by the laws now in force regulating elections in said city.''

It is contended that inasmuch as the law provides for registration in St. Louis, section 6189, above quoted, reads into the special law the provisions of section 5905 of the general law, so far as they require a registration number on the ballot. Said section 5905 reads thus:

''Sec. 5905: The judge to whom the ticket shall be delivered shall, upon receipt thereof, pronounce in an audible voice the name of the voter; and if the judges shall be satisfied that the person offering to vote is a legal voter, his ticket shall be numbered and placed in the ballot box without inspecting the names written or printed thereon, or permitting any other person or persons to do so; and the clerks of election shall enter the names of voters and the numbers of the ballots, in the order in which they were received, in the poll books, in conformity with the form printed in section 5809, and, in addition, whenever a registration is required by law, place on such ballot the number corresponding with the number opposite the name of the person voting, found on the registration list; and no ballot not so numbered shall be counted; and the ballots, after being counted, shall be sealed up in a package and delivered to the clerk of the county court or corresponding officer in any city not within a county, who shall deposit them in his office, where they shall be safely preserved for twelve months; and the said officer shall not allow the same to be inspected, unless in case of contested elections, or the same become necessary to be used in evidence, and then only on the order of the proper court, or a judge thereof in

vacation, under such restrictions for their safe-keeping and return as the court or judge making the same may deem necessary; and at the end of twelve months, said officer shall publicly destroy the same by burning, without inspection; and no judge or clerk of an election shall disclose the names of the candidates voted for by any voter, and any judge or clerk violating the provisions of this section shall be deemed guilty of a misdemeanor, and, upon conviction thereof, shall be punished by a fine of one hundred dollars.''

This section (5905) originated in 1865, and appears in the General Statutes of that year ·as section 15, chapter 2. It contained no provision for a registration number on the ballot. The Constitution of 1875, section 5, article 8, provided for a registration of voters in cities of over 25,000 inhabitants. In 1877, and evidently in view of the said constitutional provision, the Legislature amended section 15 of chapter 2 of the General Statutes of 1865 by inserting therein a provision that the registration number of the voter should be indorsed by the clerk of election on the ballot ''whenever a registration is required by law.'' [Laws 1877, p. 246.] The law, as thus amended, appears as section 5905 in the present revision of 1909. This section is a general law, and is found in article 5, chapter 43, Revised Statutes 1909, entitled, ''Elections.''

In 1889 an act was passed governing elections in cities of over 5000 inhabitants, and providing that the judges of election should initial the ballots, but making no provision for any number thereon. The act (Sec. 4780, R. S. 1889) reads as follows:

''On any day of election of public officers in any election district, each qualified elector shall be entitled to receive from the judges of the election one ballot. It shall be the duty of such judges of election to deliver such ballot to the elector. Before delivering any ballot to the elector, the two judges of election having

charge of the ballots shall write their names or initials upon the back of the ballot, within two inches of the top thereof.''

This section was subsequently amended (p. 133, Laws 1891, and p. 107, Laws 1897), and as so amended appears in the present revision as section 5899, as follows:

''On any day of election of public officers in any election district, each qualified elector shall be entitled to receive from the judges of election one ballot of each political party voted for at said election. It shall be the duty of such judges of election to deliver such ballots to the elector. Before delivering any ballots to the electors the two judges of election having charge of the ballots shall write their names or initials upon the back of the ballots, with ink or indelible pencil, and no other writing shall be on the back of the ballot, except the number of the ballot voted.''

Hence we have, on opposite pages, two sections of the statute, sections 5899 and 5905, one providing that there shall be nothing on the back of the ballot save the number and the initials of the judges, and the other providing for a registration number, in addition to the voting number and initials. These are both general laws. As they cannot both apply to the same ballot, it is obvious that section 5899 applies where there is no registration number to go on the ballot, and section 5905 applies where there is such registration number.

We will now consider the laws specially applicable to the city of St. Louis, and which govern the elections therein.

The registration laws applicable to the city of St. Louis, up to 1895, provided for a registration number for each voter registered. [Sec. 989, R. S. 1889.] This law applied to all cities of the first class; that is, those having 100,000 inhabitants or over. In 1895 a new law was enacted applicable to such cities, estab-

lishing a board of election commissioners, and providing in detail a system for registration. This act provides what the registration book shall contain, and gives a form therefor. [Laws 1895, Special Session, p. 13.] There is no provision for a registration number. In 1903 the present law governing registration and elections in St. Louis, and applicable to cities of 300,000 only, was enacted. [Sec. 6189 et seq., R. S. 1909.] The law of 1895, as to registration, was continued in force, and is still in force as to cities above 100,000 and below 300,000 inhabitants. [Sec. 6090, et seq., R. S. 1909.] Neither of these laws requires a registration number.

Section 6189, together with section 5810, above quoted, makes it clear that the registration and manner of conducting the election in St. Louis are to be governed in all respects by the provisions of article 15, chapter 43, Revised Statutes 1909, which is especially applicable to St. Louis, subject only to such general laws as are not inconsistent or in conflict therewith. As stated above, plaintiff contends that the words, "subject to all the provisions of the other election laws of this State, so far as the same are not inconsistent or in conflict herewith," contained in said section 6189, read into the special law the mandatory words of section 5905, which require the clerks of election to indorse on the ballot the registration number, "Whenever a registration is required by law." Counsel, however, does not notice section 6220 of the special law, which covers every step in the reception of the ballot from the voter, the marking thereof, and the depositing of it in the ballot box. That section is as follows:

"One of the said judges of election shall receive the ballot from the voter, and shall announce his residence and name in a loud voice, and shall write on the back of said ballot the number of the same, in the order in which it was received, which number shall al-

so be placed opposite the name of the voter in the poll book, in the column headed 'number,' and another judge shall put the vote in the ballot box in the presence of the voter and the judges and clerks, and in plain view of the public. The judge or clerk having charge of the registry shall then, in a column prepared thereon, in the same line of the name of the voter, mark in ink or with indelible pencil 'voted.' If such person so registered shall be challenged or disqualified, the party challenging shall assign his reason therefor, and thereupon one of said judges shall administer to him an oath to answer questions, and he shall be questioned by said judge or judges touching such cause of challenge, and touching any other cause of his disqualification, and may also be questioned by the person challenging him in regard to his qualifications and identity, but if a majority of the judges are of the opinion that he is the person so registered and a qualified voter, his vote shall then be received accordingly. The vote of no one shall be received by said judges whose name does not appear upon the books of registration as a qualified voter.''

The special law makes no provision for the delivery of the ballot to the voter, nor as to its preparation by the voter. For information as to the proper method to be pursued in these matters resort must be had to sections 5899 and 5900 of the general law, which cover these matters in detail. The special law takes the matter up at the point where the voter is ready to cast his ballot and, by the terms of section 6220, provides that his ballot shall be handed by him to one judge, who shall pronounce the name of the voter, mark the voting number on the ballot, and hand the ballot to the other judge, who shall deposit it in the ballot box. The provisions of this section are in harmony with the general law (section 5899), which declares that no other writing shall appear on the back of the ballot save the initials of the judges and

such voting number, but are inconsistent, and in some respects in conflict, with section 5905, which requires a registration number also. There is a direct conflict in this, that section 5905 provides that the clerks shall indorse the registration number on the ballot, while the special law does not allow the clerks to handle the ballots at all. The provisions of 5905, providing for a registration number, cannot apply, because in the city of St. Louis there is no registration number, and, for the same reason, section 5899 does apply. It is our duty to dovetail and reconcile all the election laws, so far as possible, and to give effect to all of them applicable to the situation, bearing in mind that if any inconsistency appears between the general law and the special law on any one point, the latter must prevail.

The special law applicable to St. Louis is complete, so far as it goes. It was the intention of the Legislature, by the provision in section 6189 to the effect that the special law should govern, subject to all the provisions of the other election laws not inconsistent or in conflict therewith, that resort should be had to the general law for guidance in matters not provided for in the special law; as, for instance, in the matters of delivering the ballot to the voter and his action in preparing same, which are covered by general sections 5899 and 5900, but which are not touched on at all in the special act. With regard, however, to the method to be pursued in marking and depositing the ballot, section 6220 of the special law covers the ground completely, and entirely supplants section 5905 of the general law, which was enacted long before, and without reference to, the registration law of 1903 applicable to St. Louis. The special law applicable to cities of between 25,000 and 100,000 inhabitants does provide for a registration number. [Sec. 6066, R. S. 1909.] It does not appear why this distinction is made between such cities and those of

100,000 and over and of 300,000 and over. Without doubt, however, such distinction is made. The fact that it is made clearly signifies the intention of the Legislature to require no such registration number in the latter cities. The law does not require an impossible thing to be done. It is obviously impossible to indorse upon a ballot a number that does not exist, and hence the manifest nonapplication of section 5905 to this situation, and its no less manifest inconsistency with the special law governing elections in the city of St. Louis.

It appears that the registration book, in which the blank extends across two wide pages, has a line number on each of the two pages of the blank. The voters' names are entered in alphabetical order; that is, all beginning with the same letter are entered together on consecutive pages. The line number, from 1 up, runs serially through the names beginning with the same letter, and the same numbers are repeated in the same manner with the names beginning with the next letter, and so on through the alphabet. It is suggested that this line number may be regarded as a registration number, and as such endorsed on the ballot. These line numbers are not required by law. They are evidently inserted for the convenience of the clerks in making the entries. They are duplicated as many times as there are letters in the alphabet. Obviously they are not designed to be, and are not in fact, registration numbers, as will appear at once by comparison with the form provided by section 6066, Revised Statutes 1909, for registering votes in cities of over 25,000 inhabitants.

Plaintiff relies upon the case of Donnell v. Lee, 101 Mo. App. 191. That case involved a contest for a city office in a city of 25,000 inhabitants. Certain ballots were challenged because there was not indorsed thereon the registration number of the voter. The law applicable to such cities (section 6066) required

a registration number. There was no provision in the special law governing elections in·such cities as to the method of receiving, marking and casting the ballot. The general law applied. The Court of Appeals held that section 5899 did not apply, because the election did not involve a public office; further, that section 5905 did apply to a city office, and that the ballots should be rejected because of the absence therefrom of the registration number. This ruling was obviously correct, inasmuch as the law governing the registration in that city did require a registration number. That case is not authority for the contention of plaintiff here.

Since the passage of the act of 1895 the elections officials of the city of St. Louis have construed the law to require no registration number in the registration book, and, consequently, no such number on the ballot. This construction has been acquiesced in by the entire community, including candidates defeated for office, up to the time of the institution of this contest. In 1903, after eight years of such construction, the Legislature substantially re-enacted the law in this regard, without providing for any registration number. These facts are of great persuasive force. We ought not to render a judgment reversing this settled construction—a judgment which would disfranchise the entire voting population of St. Louis—unless constrained to do so by a mandate of the statute which is of clear, certain and undoubted construction to that effect. We find none such. On the contrary, we can reconcile the somewhat disjointed election statutes only by holding that the law applicable to St. Louis (section 6220) is in harmony with section 5899 of the general law which forbids any indorsement on the back of the ballot save the initials of the judges and the voting number, and is inconsistent with section 5905, which provides for a registration number.

The question of jurisdiction is disposed of adversely to the defendant in the companion case of Gantt v. Brown, page 271, decided at this term, and the same ruling is made in this case.

It is ordered that judgment be entered for the defendant. All concur except *Kennish* and *Brown, JJ.*, not sitting